IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:14-CR-124 |
| v. | ) | |
| | ) | |
| SHERRY ANN FETZER, | ) | (REEVES / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion of Defendant Sherry Ann Fetzer for Return of Her Passport [Doc. 428], filed on January 25, 2017, and referred [Doc. 456] to the undersigned on February 28, 2017. The Defendant asks for the return of her passport, which she surrendered to the United States Probation Office as a condition of her pretrial release. The motion states that the Government opposes the return of the Defendant's passport because the Defendant is not able to travel outside the country as a condition of her probation. The parties appeared for a hearing on the motion on March 21, 2017. Assistant United States Attorney Frank M. Dale, Jr. appeared on behalf of the Government. Attorneys Donald A. Bosch and Ann C. Short represented Defendant Fetzer, who was also present.

By way of background, the Court observes that on October 9, 2014, Defendant Fetzer was arraigned and placed on conditions of pretrial release [Doc. 17], which included immediately surrendering her passport to the United States Probation office and restricting her travel to the Eastern District of Tennessee, unless her supervising probation officer granted permission for travel outside the district. On May 31, 2016, Defendant Fetzer entered a guilty plea

1

before District Judge Reeves. On January 20, 2017, Judge Reeves sentenced [Doc. 420] the Defendant to three years of probation. The conditions of probation include that the Defendant not leave the district without the permission of the probation officer. The conditions of probation do not require that the Defendant surrender her passport. On January 25, the Defendant moved for the return of her passport.

At the hearing, Attorney Bosch stated that upon conviction and sentencing of a defendant, the probation office sends retained passports to the State Department. He argued that Defendant Fetzer sought the return of her passport in order to avoid the protracted procedures for reapplying for a passport after her three-year term of probation ends. He stated that the Defendant has no present plans to travel outside of the country and that, if she did want to travel internationally, she would seek permission from her probation officer. He also argued that the Defendant could use her passport as a form of identification in the interim. Finally, Mr. Bosch stated that Defendant Fetzer's passport was up for renewal in June of 2018. He said that in order to renew her passport, the Defendant would have to mail the expiring passport to the State Department. Thus, he argued that the Defendant would not be able to renew her passport unless it is returned to her.

AUSA Dale stated that the Government opposed the return of the Defendant's passport. He acknowledged that a felony conviction did not prevent a defendant from applying for or retaining a passport,[1] but he stated that Defendant Fetzer had no reason to retain her passport

---

[1] The Court notes that a felon convicted of drug trafficking is prohibited from applying for or retaining a passport, "if the individual used a passport or otherwise crossed an international border in committing the offense." 22 U.S.C. § 2714(a)(1). While Defendant Fetzer stands convicted of a felony drug offense, both the Indictment and the facts set out in the Defendant's plea agreement state the offense occurred in the Eastern District of Tennessee.

2

because she was barred from travel outside the district, including international travel without permission, as a condition of her probation. He also argued that a passport is the property of the government, not of a defendant.

The Court questioned United States Probation Officers Corey Miller and April Wilson, who were also present at the hearing. Probation Officers Miller and Wilson stated that pursuant to the Court's order, the Probation Office could retain Defendant Fetzer's passport, rather than sending it to the State Department.

The Court finds that the Defendant has not demonstrated a valid reason for the return of her passport at this time. The conditions of probation imposed by Judge Reeves prevent the Defendant from traveling outside the district unless she first obtains permission from her probation officer. The Defendant states that she presently has no plans to travel outside of the country. The Court cannot think of a valid reason why a person with no plans to travel outside of the country and with no current permission to do so would need a passport. Accordingly, the Court finds that requiring the Probation Office to retain the Defendant's passport until the end of her term of probation furthers Judge Reeves' condition that the Defendant not travel outside the district without permission, while also giving the Defendant the option to travel abroad, if she receives permission to do so, without having to reapply for her passport. If the Defendant's probation officer approves travel outside of the country, the probation officer may return the Defendant's passport for the duration of the Defendant's trip. Following any pre-approved trip out of the country, the Defendant must return her passport to her probation officer until her probationary term ends. The Court instructed Probation Officers Miller and Wilson to investigate whether the Defendant could renew her passport by sending it from their office and asking that the State

Department mail her renewed passport back to their office. The Court further instructed the Probation Officers to advise the Court if there are any requests (or plans) made to send the passport to the State Department because that could alter this Court's decision on the issue.

Accordingly, the Court **ORDERS** as follows:

(1) The Motion of Defendant Sherry Ann Fetzer for Return of Her Passport [**Doc. 428**] is **DENIED**;

(2) The United States Probation Office for the Eastern District of Tennessee is **ORDERED** to retain the Defendant's passport for the duration of her three-year probationary term; and

(3) If the probation officer gives Defendant Fetzer permission to travel outside of the country, the probation officer shall return the Defendant's passport to the Defendant for the duration of her trip. The Defendant shall return her passport to her probation officer within seventy-two (72) hours of her return to the district following a pre-approved trip out of the country.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge