# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-CR-124-PLR-DCP |
| ) | |
| SHERRY ANN FETZER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion of Defendant Sherry Ann Fetzer for Temporary Return of Passport for Purposes of Renewal [Doc. 493], filed on August 15, 2018, and referred [Doc. 494] to the undersigned on August 20, 2018. The Defendant asks for the temporary return of her passport, which she initially surrendered to the United States Probation Office as a condition of her pretrial release and which remains in the custody of the Probation Office, as required [Doc. 479] by the Court. The Defendant seeks the return of her passport so that she can renew it, before it expires in December 2018, and then return it to her supervising probation officer.

The Government opposes [Doc. 496] the Defendant's motion but, in the interest of conserving time and resources, suggests an alternative procedure for renewing the Defendant's passport. The Government asks the Court to permit the Defendant's passport renewal application and passport to be mailed from and returned to her probation officer, who will maintain custody of the renewed passport.

On August 29, 2018, the Defendant filed a reply [Doc. 497], stating that she has complied with all the terms of her probation and asking the court to permit her attorney to receive

her passport from her probation officer, mail the passport for renewal, and receive the new passport, which he will return to the United States Probation Office for the remainder of her term of probation. In this regard, the Defendant states that her attorney, Mr. Donald A. Bosch, is an officer of the Court in good standing.

By way of background, the Court notes that on October 9, 2014, Defendant Fetzer was arraigned and placed on conditions of pretrial release [Doc. 17], which included immediately surrendering her passport to the United States Probation Office and restricting her travel to the Eastern District of Tennessee, unless her supervising probation officer granted permission for travel outside the district. On May 31, 2016, Defendant Fetzer entered a guilty plea before United States District Judge Pamela L. Reeves to one count of conspiring to distribute and to possess with intent to distribute controlled substances, which is a felony. On January 20, 2017, Judge Reeves sentenced [Doc. 420] the Defendant to three years of probation. The conditions of probation included that the Defendant not leave the district without the permission of the probation officer but did not require the Defendant to surrender her passport.

On January 25, 2017, the Defendant moved [Doc. 428] for the return of her passport, arguing among other reasons that the Defendant would need to renew her passport before her term of probation expired. Following a hearing on the motion, United States Magistrate Judge C. Clifford Shirley, Jr., ordered [Doc. 472] the United States Probation Office for the Eastern District of Tennessee to continue to maintain custody of the Defendant's passport during her term of probation. Judge Shirley also held that, if the Defendant's probation officer granted permission for the Defendant to travel out of the country, the probation officer must return the Defendant's passport to her for the duration of her trip, and the Defendant must return the passport to her probation officer within seventy-two hours of her return to the district from her preapproved travel

out of the country. Judge Reeves affirmed [Doc. 479] this ruling, following the Defendant's objection.

Nineteen months into her probation, the Defendant again seeks the return of her passport, in order to renew it before it expires in December 2018. As an initial matter, the Court finds that, although the Defendant stands convicted of a felony drug offense, her conviction does not render her ineligible to possess a passport as a matter of law. *See* 22 U.S.C. § 2714 (denying passports to or revoking passports of persons convicted of felony drug trafficking, who crossed an international border in committing the offense, and providing that such persons are ineligible to hold a passport, during their imprisonment and any term of release following imprisonment); *see also* 22 C.F.R. § 51.61 (addressing the denial of passports to certain convicted drug offenders). Judge Shirley found 22 U.S.C. § 2714 does not apply in the instant case, because there is no indication or allegation that Defendant Fetzer crossed an international border in relation to her offense [*see* Doc. 472, p.2, n.1]. Moreover, the undersigned finds that Defendant Fetzer was not sentenced to a term of imprisonment [*see* Doc. 420], as required by the statute. Thus, the Court is not aware of any law preventing the Defendant from applying to renew her passport.[1] Additionally, neither the terms of probation imposed by Judge Reeves [Doc. 420], nor Judge Shirley's ruling [Doc. 472], prevent the Defendant from renewing her passport, although she may only possess it under limited circumstances while she is on probation.[2]

---

[1] The Court makes no finding with regard to whether the Department of State will or should renew the Defendant's passport.

[2] In fact, at a hearing on March 21, 2017, Judge Shirley directed the probation officers in attendance to investigate whether the Defendant could renew her passport by mailing it from and requesting it be returned to the United States Probation Office [*see* Doc. 472, pp.3-4]. This is the same procedure proposed by the Government in response to the instant motion.

After reviewing the matter and consulting with probation officers, the undersigned finds that the Defendant's passport may be released to Defendant's attorney Donald A. Bosch for renewal. The Court finds that this procedure will allow the Defendant to renew her passport, without giving her custody of the passport. Although Judge Shirley's Memorandum and Order [Doc. 472] permits the Defendant's probation officer to return her passport to her for a preapproved trip out of the country, no such trip is currently requested or approved. The Court has considered the Government's requested alternative, which is that the Court order that the passport be mailed from and to the United States Probation Office. However, the Court finds that the probation officers have no concerns about releasing the Defendant's passport to Mr. Bosch. Moreover, this procedure will allow the Defendant to consult with counsel regarding the application process and to complete the application process with the aid of counsel. In this regard, as the Government points out, the passport renewal application requires the Defendant to attach an explanatory statement under oath regarding her conviction for a federal drug offense and her travel restriction to the Eastern District of Tennessee during the term of her probation [*see* Doc. 496-1, pp.4-5].

Accordingly, the Court **ORDERS** as follows:

(1) The Motion of Defendant Sherry Ann Fetzer for Temporary Return of Passport for Purposes of Renewal [**Doc. 493**] is **GRANTED in part**, in that the Defendant's United States Probation Officer shall give the Defendant's passport to the Defendant's attorney Donald A. Bosch, upon Mr. Bosch's appearance at the probation officer's office at a prearranged time convenient to both parties;

(2) Mr. Bosch shall maintain custody of the passport and shall mail it with the Defendant's passport application from his office to the agency address listed on the application for renewal;

(3) In the passport application, the Defendant shall request that the renewed passport be returned to Mr. Bosch's office;

(4) Upon his receipt of the renewed passport, Mr. Bosch shall return it to the Defendant's probation officer within two business days; and

(5) If, for any reason, the Defendant's passport is not able to be renewed or is retained by the Department of State, Mr. Bosch shall return the Defendant's passport or the letter or notice from the State Department, if the passport is retained, to the Defendant's probation officer within two business days of his receipt of the passport or the letter or notice of its retention.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge